UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARTIN SAUCEDO, <br><br> Plaintiff, <br> v. <br><br> AMERICA'S SERVICING COMPANY, and DOES 1 to 10, inclusive <br><br> Defendants. | Case No.: 12-4658 PSG <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> (Re: Docket No. 5) |

On September 12, 2012, Defendants America's Servicing Company, et al ("ASC") moved to dismiss the complaint brought by Martin Saucedo ("Saucedo").[1] As explained on the record at the November 13, 2012 hearing for this motion, Saucedo elected not to file an opposition or to appear at the hearing. The court takes judicial notice of the publicly available documents ASC provided reflecting that Saucedo had multiple loans secured by his property.[2]

Upon consideration of ASC's papers, the court is persuaded that dismissal of Saucedo's complaint is proper. Saucedo's allegations fail to meet the specificity required by Fed. R. Civ. P. 8 and fail to state a claim upon which this court may provide relief.[3] For example, Saucedo's

---

[1] *See* Docket No. 5.

[2] *See* Fed. R. Evid. 201(b)(2).

[3] *See* Fed. R. Civ. P. 12(b)(6).

1

Case No.: 12-4658
ORDER

complaint suggests that ASC had an obligation to offer to modify a loan secured by Saucedo's home.[4] But, as ASC points out, Saucedo had multiple loans secured by his house and fails to allege to which of the loans his claims applied. Likewise, Saucedo's allegation that by failing to offer a loan modification ASC somehow breached an implied contract with him does not state a claim upon which this court may provide remedy. His claim that ASC misrepresented its authority to modify his loan also fails to state a claim because he fails to allege how ASC concealed or suppressed any material facts in its relationship with him.

The court also finds that the bare allegations Saucedo has presented reveal that any amendment to his claim would be futile.[5] Accordingly, the court GRANTS ASC's motion to dismiss Saucedo's complaint with prejudice.

**IT IS SO ORDERED.**

Dated:   November   15  , 2012

PAUL S. GREWAL
United States Magistrate Judge

---

[4] *See* Docket No. 1-1.

[5] *See* Fed. R. Civ. P. 15(a); *AmerisourceBergen Corp. v. Dialysist West Co.*, 465 F.3d 946, 951 (9th Cir. 2006).